**UNITED STATES of America,**
**Appellee,**

v.

**John Joseph REDDINGTON, Appellant.**

**No. 14367.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1970.

Decided Nov. 16, 1970.

Lynn D. Allan, Washington, D. C. (court-appointed counsel), for appellant.

Jean G. Rogers, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Convicted of interstate transportation of forged securities (18 U.S.C.A. §

2314), Reddington complains of the use for impeachment purposes of a narcotics conviction obtained in 1968.

The Government's principal evidence was the testimony of Reddington's co-defendant, Perry, and evidence that Reddington's palm prints were found on fifteen of the checks. His palm prints were immediately below the endorsement on thirteen of the checks.

Before Reddington took the witness stand, he brought the prior narcotics conviction to the attention of the District Judge, who ruled, conditionally, that he would not allow the conviction to be used by the Government. The ruling was expressly conditioned on the absence of additional matter which would make the prior conviction more than ordinarily relevant.

Armed with this ruling, Reddington took the stand and proceeded to paint a highly sympathetic picture of himself and his character in relation to Perry. He knew that Perry had been involved with check forgeries and had attempted to dissuade him from those activities. He also sought to help Perry cure his addiction to narcotics. He himself disapproved of the use of narcotics, had had no personal experience with drugs except on one occasion at a party some years earlier. Perry's addiction evoked only sympathy from Reddington and efforts to assist him in overcoming it.

At this point in the testimony, the District Judge permitted the Government to use the conviction for impeachment purposes. We find no error. Reddington's testimony had given his narcotics conviction a relevance seldom equalled in criminal trials on the question of his candor. His complaint that he was trapped by the Judge's prior ruling into putting his character and veracity in issue is disingenuous. He was warned that the exclusion was conditional and that it did not constitute a license to abuse the lenience he had been shown.

Affirmed.