**UNITED STATES of America, Appellee,**

v.

**James Melvin BOYCE, a/k/a "Smiley," Appellant.**

**No. 79–5116.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1979.

Decided Dec. 20, 1979.

Richard G. Brydges, Virginia Beach, Va. (Brydges, Hudgins, Ege, Burt & O'Brien, Virginia Beach, Va., on brief), for appellant.

John F. Kane, Asst. U. S. Atty., Alexandria, Va. (Justin W. Williams, U. S. Atty., Alexandria, Va. and Linda L. Nersesian, Third Year Law Student, on brief), for appellee.

Before BUTZNER, RUSSELL and MURNAGHAN, Circuit Judge.

PER CURIAM:

The defendant was convicted of defrauding a federally insured bank under a three-count indictment charging violation of §§ 2113(b), 1005, and 371, 18 U.S.C. He appeals because, during his cross-examination he was asked whether he had been convicted of a felony, and, when he answered in the affirmative, the United States Attorney inquired about the nature and number of such convictions. No objection was made at trial to such questions.

It had been repeatedly stated previously by the Courts, and is now declared in Rule 609(a), Federal Rules of Evidence, that, whenever a defendant in a criminal case takes the stand, his credibility may be impeached, on cross-examination, by proof of his prior felony convictions. *United States v. Duncan,* (4th Cir. 1979) 598 F.2d 839, 864; *United States v. Truslow,* (4th Cir. 1975) 530 F.2d 257, 265; *United States v. Reddington,* (4th Cir. 1970) 433 F.2d 997, 998; *United States v. Harris,* (4th Cir. 1964) 331 F.2d 185, 187–88.[1] In proving the felony conviction on cross-examination, the United States Attorney may "ask about 'the name of the crime, the time and place of conviction, and the punishment.' "[2] It follows that there was no plain error in permitting the United States Attorney to inquire about the number and nature of defendant's felony convictions, particularly since the defendant himself had already testified that he had been convicted of a

---

1. In the special case, where the prior conviction is for the same offense as that for which the defendant is being tried, the trial court generally will not permit the Government to prove the nature of the offense on the ground that to do so would amount to unfair prejudice. *See United States v. Wilson,* (4th Cir. 1977) 556 F.2d 1177, 1178. This, however, is not such a case.

2. Weinstein-Berger, Commentary on [Federal] Rules of Evidence, Vol. 3, § 609(03a), pp. 609–80.1–2 (1978); *United States v. Wolf,* (10th Cir. 1977) 561 F.2d 1376, 1381; *Tucker v. United States,* (5th Cir. 1969) 409 F.2d 1291, 1294, n.1; *Beaudine v. United States,* (5th Cir. 1966) 368 F.2d 417, 421.

felony and there was no objection at trial, *see United States v. Wolf,* 561 F.2d at 1381.

Accordingly, the judgment of conviction is

*AFFIRMED.*