527 S.E.2d 98

**Burney Don GREEN, Respondent,**

v.

**The STATE of South Carolina, Petitioner.**

No. 25059.

Supreme Court of South Carolina.

Submitted Dec. 15, 1999.

Decided Jan. 24, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General J. Benjamin Aplin, of Office of the Attorney General, of Columbia, for petitioner.

Assistant Appellate Defender Melissa J. Reed Kimbrough, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

BURNETT, Justice:

Respondent was convicted of distribution of crack cocaine and distribution of crack cocaine within proximity of a school. His application for post-conviction relief (PCR) was granted. We affirm.

## FACTS

Respondent was arrested as a result of an undercover sting operation conducted by the South Carolina Law Enforcement

Division (SLED) in conjunction with the Conway Police Department. SLED agents parked a van outside a bar in Conway, where respondent was standing in a group of men. An agent called respondent over and asked for a "twenty," meaning a twenty dollar rock of crack cocaine. Respondent returned to the group of men. The agents testified respondent returned with the drugs and accepted a marked twenty dollar bill. Respondent testified he never went back to the van, rather, another man in the group, identified as A.J., sold the agents the cocaine.

One of the agents, who was wired with a microphone transmitting to a surveillance team nearby, described respondent to the surveillance team, and respondent was arrested. Respondent testified that when the surveillance officers arrived, the men standing with him ran. He did not run "because I figure I didn't do anything; I don't need to run anywhere." The marked twenty dollar bill was not recovered.

On cross-examination, the State impeached respondent with a 1990 conviction for possession of crack cocaine and a 1991 conviction for possession of cocaine.[1] The trial court gave the jury limiting instructions. The jury found respondent guilty as charged. Respondent was granted PCR for his trial counsel's failure to object that the prejudicial effect of his prior convictions outweighed their probative value.

## ISSUE

Did the PCR court err in finding trial counsel ineffective for failing to object that the prejudicial effect of respondent's prior convictions outweighed their probative value?

## DISCUSSION

In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his application. *Bell v. State*, 321 S.C. 238, 467 S.E.2d 926 (1996); Rule 71.1(e), SCRCP. For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) he was prejudiced by

---

1. Respondent's trial took place in 1995.

his counsel's ineffective performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Judge v. State*, 321 S.C. 554, 471 S.E.2d 146 (1996). In order to prove prejudice, an applicant must show that but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* If there is any probative evidence to support the findings of the PCR judge, those findings must be upheld. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Likewise, a PCR judge's findings should not be upheld if there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

■ The PCR court ruled defense counsel was ineffective for failing to argue the prejudicial effect of admitting respondent's prior convictions outweighed their probative value. *See* Rule 609(a)(1), SCRE. We agree.

■ Under the common law rule, a witness could be impeached by showing he was convicted of a crime of moral turpitude as long as it was not too remote in time [2] and its probative value outweighed its prejudicial effect. Rule 609(a)(1) provides a similar two-part test for determining whether a defendant's prior convictions can be used to impeach him: (1) the prior crime must have been punishable by death or imprisonment in excess of one year, and (2) the court must determine that the probative value of admitting the evidence outweighs its prejudicial effect to the accused. Rule 609(a)(1), SCRE. Thus, the new evidentiary rule removes the necessity of determining whether a crime is one of moral turpitude.

We have not previously addressed whether the probative value of a prior conviction, similar to the crime charged, not involving dishonesty or false statement,[3] outweighs its prejudi-

---

**2.** Rule 609(b), SCRE governs admissibility of remote convictions. That rule is not at issue here.

**3.** Conviction of a crime involving dishonesty or false statement is always admissible for impeachment purposes, regardless of the punishment. Rule 609(a)(2), SCRE. Narcotics convictions generally do not

cial effect, where credibility is critical.[4] Federal courts have held that prior convictions for the same or similar crimes are highly prejudicial and should be admitted sparingly. *See* Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.05[3][d] (2d ed.1999). While some federal circuits have held such convictions admissible if, after consideration of other factors, their probative value outweighs their prejudicial effect, the Fourth Circuit has been one of the stricter circuits, refusing to permit impeachment with similar prior convictions.[5] *See, e.g., United States v. Sanders,* 964 F.2d 295, 298–99 (4th Cir.1992) (in prosecution for assault with a knife, prior conviction for identical conduct should have been excluded as highly prejudicial).

 We decline to hold similar prior convictions inadmissible in all cases. Trial courts must weigh the probative value of the prior convictions against their prejudicial effect to the accused and determine, in their discretion, whether to admit the evidence. The following factors, along with any other relevant factors, should be considered:

1. The impeachment value of the prior crime.

2. The point in time of the conviction and the witness's subsequent history.

---

fall under this rule. *See* Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.04[3][d] (2d ed.1999).

4. Relying on *State v. Lilly,* 278 S.C. 499, 299 S.E.2d 329 (1983), the Court of Appeals in *State v. Savage,* 306 S.C. 5, 409 S.E.2d 809 (Ct.App.1991), affirmed the trial court's ruling admitting evidence of prior similar narcotics convictions for impeachment purposes over defense counsel's objection that the probative value of the evidence was greatly outweighed by its prejudicial effect. However, *Lilly* did not address the probative/prejudicial balancing test. In *Green v. Hewett,* 305 S.C. 238, 407 S.E.2d 651 (1991), we addressed the balancing test in the context of a civil suit for personal injury damages. *Green* is not dispositive in this case.

5. One tactic the Fourth Circuit Court of Appeals employs is to allow the prosecutor to ask the defendant about the existence of prior convictions, but not their nature. *See United States v. Boyce,* 611 F.2d 530, 531 (4th Cir.1979) ("In the special case, where the prior conviction is for the same offense as that for which the defendant is being tried, the trial court generally will not permit the Government to prove the nature of the offense on the ground that to do so would amount to unfair prejudice.").

3. The similarity between the past crime and the charged crime.

4. The importance of the defendant's testimony.

5. The centrality of the credibility issue.

*See State v. Colf,* 337 S.C. 622, 525 S.E.2d 246 (2000).

In the instant case, evidence in the record supports the PCR court's ruling that respondent was prejudiced by defense counsel's failure to argue the prejudicial effect of the convictions outweighed their probative value. Respondent was impeached with evidence of two convictions for possession of cocaine that were four and five years old. His credibility was critical, as the jury had to choose between his version of events and that of the SLED agents.

Finally, the State argues any error was cured by the trial court's limiting instruction. We disagree. As the Fourth Circuit Court of Appeals noted in the context of Rule 609(b):

Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged.

*United States v. Beahm,* 664 F.2d 414, 418–19 (4th Cir.1981) (footnote omitted). Limiting instructions alone do not make an erroneous admission of prior conviction evidence harmless.

**AFFIRMED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.