560 S.E.2d 450

**The STATE, Respondent,**

v.

**Isaiah ROLLINS, Appellant.**

**No. 3452.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2002.

Decided Feb. 25, 2002.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; and Solicitor Ralph E. Hoisington, of N. Charleston, for respondent.

HEARN, Chief Judge:

Isaiah Rollins was convicted of distribution of crack cocaine and distribution within one-half mile of a school. On appeal, Rollins argues the trial judge erred in allowing the State to cross-examine him about prior convictions from 1992, 1993, and 1997. We affirm.

## FACTS

Rollins was arrested following an undercover, marked buy of crack cocaine. Deputy Sheriff Michael Constanzo testified that an unidentified man sold him a $20 rock of crack cocaine

at Rollins' direction. The unidentified man then gave Rollins the marked bill. After leaving the scene, Constanzo described the two men to some other officers. The officers located the two subjects in "a well-known drug area where dealers hang out." Both subjects fled, and Rollins was apprehended as he tried to hide. Rollins had approximately $1400 in cash in his possession, including the marked bill. He claimed that he was the victim of mistaken identification and testified that he obtained the marked bill when he made change for one of two men standing by the road outside his mother's house. According to Rollins, the money was to be used to hire a lawyer for his brother.

Rollins had convictions for simple possession and distribution of crack cocaine in 1992 and 1997. During trial, the judge allowed the State to impeach Rollins with the prior convictions.[1] However, he did not allow the State to tell the jury the convictions were for drug offenses, noting that the danger of prejudice is increased if the prior convictions are for the same crime for which the defendant is on trial. The jury convicted Rollins of both counts.

## DISCUSSION

On appeal, Rollins argues that his two or three prior convictions for similar drug offenses were inadmissible under Rule 609, SCRE, and that the procedure adopted by the trial judge allowed the jury to speculate freely about the nature of those prior convictions. He further contends the vague reference resulted in prejudice outweighing any probative value. We disagree.

The admission or exclusion of evidence falls within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of that discretion. *State v. Hug-*

---

1. The testimony in question was as follows:
   Q. Mr. Rollins do you have any prior conviction?
   A. Yes, I did.
   Q. Do you have a prior conviction from 1992?
   A. Yes.
   Q. Do you have a prior conviction from 1993?
   A. No.
   Q. Do you have a prior conviction from 1997?
   A. Yes.

*gins,* 325 S.C. 103, 110, 481 S.E.2d 114, 118 (1997). Rule 609, SCRE, governs the admissibility of evidence of prior crimes to impeach a witness's credibility. It provides that evidence an accused has been convicted of a prior crime punishable by death or imprisonment in excess of one year is admissible if the court determines that its probative value outweighs its prejudicial effect to the accused. In a post-conviction relief setting, our supreme court concluded that trial counsel was ineffective for failing to object that the prejudicial effect of the defendant's prior conviction for the same offense outweighed its probative value. *Green v. State,* 338 S.C. 428, 527 S.E.2d 98 (2000). Although the *Green* court specifically declined to hold similar convictions inadmissible in all cases, it directed trial courts to weigh the probative value of the prior convictions against their prejudicial effect in determining whether to admit evidence of similar prior convictions. In determining whether to admit evidence of prior convictions, the following factors should be considered:

1. The impeachment value of the prior crime.

2. The point in time of the conviction and the witness's subsequent history.

3. The similarity between the past crime and the charged crime.

4. The importance of the defendant's testimony.

5. The centrality of the credibility issue.

*Id.* at 433–34, 527 S.E.2d at 101; *State v. Colf,* 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000).

In addition to providing the above analytical framework, the court noted: "One tactic the Fourth Circuit Court of Appeals employs is to allow the prosecutor to ask the defendant about the existence of prior convictions, but not their nature." *Green,* 338 S.C. at 433 n. 5, 527 S.E.2d at 101 n. 5 (citing *U.S. v. Boyce,* 611 F.2d 530, n. 1 (4th Cir.1979) ("In the special case, where the prior conviction is for the same offense as that for which the defendant is being tried, the trial court generally will not permit the Government to prove the nature of the offense on the ground that to do so would amount to unfair prejudice.")). This approach ostensibly reduces the risk of enhanced prejudice based on the similarity of prior crimes.

In this case, the trial judge reviewed Rollins' history of convictions and adopted the tactic mentioned in the *Green* footnote. In addition to limiting the amount of detail about the prior convictions, the trial judge instructed the jury that the prior convictions could only be considered in determining Rollins' credibility. This procedure minimized the prejudice to Rollins. Accordingly, we find no abuse of discretion and affirm Rollins' convictions.

**AFFIRMED.**

GOOLSBY and HUFF, JJ., concur.