THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Douglas Antonio Williams,       
Appellant.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-559
Submitted July 15, 2003  Filed September 
 26, 2003   

REVERSED AND REMANDED

 
 
 
Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for Appellant
Attorney General Henry Dargan McMaster, Chief Deputy 
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles 
 H. Richardson, of Columbia, Solicitor Robert M. Ariail, of Greenville, for Respondent(s).
 
 
 

PER CURIAM: Douglas Antonio Williams appeals his convictions 
 for possession with intent to distribute crack cocaine (PWID) and resisting 
 arrest.  He contends the trial judge erred in admitting evidence of identical 
 prior convictions in order to impeach his credibility as a witness at trial.  
 We reverse and remand.
FACTS
On the afternoon of September 23, 2000, Corporal 
 J. M. Aiken, employed with the Greenville City Police Department, drove to his 
 assigned patrol area.  As Aiken was driving, he saw Williams and two other individuals 
 standing outside an apartment complex.  Aiken exited his vehicle and began to 
 patrol the area on foot.  While walking toward Williams, Aiken saw Williams 
 toss a blue-colored item to the ground.  Aiken then motioned for Williams 
 to come talk to him.  Because he was familiar with Williams, Aiken asked him 
 if he had any outstanding warrants.  Williams denied there were any warrants 
 for his arrest.  Aiken placed Williams in the patrol car while he checked his 
 record.  During this time, Aiken retrieved the object that he saw Williams throw 
 on the ground.  Based on his investigation, Aiken believed it was crack cocaine.
After discovering the crack cocaine, 
 Aiken returned to his vehicle and informed Williams that he was under arrest.  
 Williams denied the drugs belonged to him.  Aiken instructed Williams to turn 
 around and place his hands behind his back.  A struggle then ensued with Williams 
 kicking Aiken and the door of the patrol car.  Aiken sprayed Williams with mace 
 in an attempt to subdue him.  Williams escaped and fled on foot.  In an effort 
 to locate Williams, Aiken went to Williamss grandfathers home.  Aiken asked 
 Williamss grandfather to have Williams turn himself in.  A few days later, 
 Williams turned himself in at the request of his grandfather.
Further investigation of the substance 
 Aiken retrieved at the scene revealed it to be 2.52 grams of crack cocaine. 
  A Greenville County grand jury indicted Williams for one count of PWID 
 crack cocaine and one count of resisting arrest.   
At trial, Linda Moss testified for the defense.  
 Moss, Williamss friend, was standing next to Williams and Thomas Shell at the 
 time of the incident.  Moss denied anyone approached Williams that afternoon 
 to purchase drugs.  Moss testified she did not see Williams with crack 
 cocaine on that day.
Williams also testified in his own defense.  Prior 
 to his testimony, the judge held an in camera hearing concerning 
 the admissibility of Williamss prior convictions. Williams had been convicted 
 in 1997 for distribution of crack cocaine and distribution of crack cocaine 
 within a half-mile of a school.  Williams had also pleaded guilty to a charge 
 of possession of crack cocaine in 1998.  Counsel for Williams objected to the 
 admission of the prior convictions on the ground they were prejudicial given 
 they were closely related to the drug charge for which Williams was being tried.  
 After hearing arguments from counsel and considering the applicable case law 
 and evidentiary rules, the judge permitted the State to impeach Williams with 
 the prior convictions.  The judge reasoned:

Then reviewing this matter under the cases that I have mentioned, 
 specifically taking into consideration the value of - - the impeachment value 
 of the prior crimes that the State is offering, taking into consideration the 
 point in time of the convictions and the witness subsequent history, taking 
 into consideration the similarity between the past crimes and the charged crimes, 
 taking into consideration the importance of the Defendants testimony, and finally 
 the centrality of the credibility issue, and considering the applicable rules, 
 403 and 609(a)(1), I will allow the State to impeach the Defendant on these 
 prior convictions.

 He also stated his ruling was based in part on 
 the fact that at this time nobody has denied or testified that the Defendant 
 did not possess the drugs and did not throw them down. Williamss counsel disputed 
 this conclusion, apparently relying on Mosss testimony.  The judge further 
 found that credibility was a central issue in the case.  He concluded the probative 
 value of the evidence outweighed any prejudicial effect.   
After this ruling, Williams decided 
 to testify.  During his testimony, Williams stated he was present with 
 Thomas Shell and Linda Moss at the time Corporal Aiken approached them.  Williams, 
 however, testified Shell threw down the bag containing crack cocaine.  He 
 denied he ever possessed the crack cocaine.  He admitted that he fought with 
 Aiken.  On direct and cross-examination Williams acknowledged his prior 
 convictions.   Immediately following the cross-examination testimony, the judge 
 gave the jury a limiting instruction regarding the convictions.
The jury convicted Williams of PWID 
 crack cocaine and resisting arrest.  The trial judge sentenced Williams to twenty-five 
 years imprisonment and payment of a $50,000 fine for PWID crack cocaine and 
 a year imprisonment for resisting arrest.  The sentences were to be served concurrently.  
 Williams appeals.
DISCUSSION
Williams argues the trial judge erred 
 in admitting into evidence his prior convictions.  Because the prior drug convictions 
 were identical to the current PWID charge, he contends the admission of this 
 evidence was extremely prejudicial.  He further contends the admission of this 
 evidence was prejudicial given his credibility was crucial to his defense.  
 Additionally, he asserts the prior convictions suggested to the jury that he 
 had the propensity to commit drug offenses.  
The admission of evidence is within 
 the trial judges discretion and will not be disturbed on appeal absent abuse 
 of that discretion.  State v. Tucker, 319 S.C. 425, 428, 462 S.E.2d 263, 
 265 (1995).   
Rule 609 of the South Carolina Rules 
 of Evidence governs the admissibility of evidence of prior convictions to impeach 
 a witnesss credibility.  Applicable to the instant case is Rule 609(a)(1), 
 SCRE.  This rule provides a two-part test for determining whether a defendants 
 prior convictions can be used to impeach him:  (1) the prior crime must have 
 been punishable by death or imprisonment in excess of one year, and (2) the 
 court must determine that the probative value of admitting the evidence outweighs 
 its prejudicial effect to the accused.  Green v. State, 338 S.C. 428, 
 432, 527 S.E.2d 98, 100 (2000).  
Our Supreme Court has found that similar 
 prior convictions are not necessarily inadmissible in all cases.  Green, 
 338 S.C. at 433, 527 S.E.2d at 101.  However, the Court has instructed trial 
 judges to weigh the probative value of the prior convictions against their 
 prejudicial effect to the accused and determine, in their discretion, whether 
 to admit the evidence.  Id.  In order to make this determination, our 
 Supreme Court has outlined the following factors to be considered:

1.  The impeachment value of the prior crime.  
2. The point in time of the conviction and the witnesss 
 subsequent history.  
3. The similarity between 
 the past crime and the charged crime.  
4. The importance of the defendants testimony.  
5. The centrality of the credibility issue.  

State v. Colf, 337 S.C. 622, 627, 525 S.E.2d 246, 
 248 (2000).  
Applying these factors to the instant case, we find the 
 trial judge erred in admitting Williamss prior drug convictions.  The prior 
 convictions were of limited impeachment value.  See State v. Dunlap, 
 353 S.C. 539, 542, 579 S.E.2d 318, 320 (2003) (finding relative lack of probative 
 value of violations of narcotics laws should figure prominently in the weighing 
 of prejudice, pursuant to Rule 609(a)(1), when determining whether to permit 
 a criminal defendants impeachment by such conduct); State v. Cheeseboro, 
 346 S.C. 526, 543, 552 S.E.2d 300, 309 (2001) (holding narcotics offenses are 
 generally not considered probative of truthfulness).  The State impeached Williams 
 with convictions that were four and five years old.  Because the prior drug 
 offenses were similar to the current PWID offense, the prejudicial effect of 
 their admission was heightened.  See Dunlap, 353 S.C. at 542, 
 579 S.E.2d at 320 (stating when the prior offense is similar to the offense 
 for which the defendant is on trial, the danger of unfair prejudice to the defendant 
 from impeachment by that prior offense weighs against its admission).  Williamss 
 testimony was crucial to his defense due to the limited number of witnesses 
 to the incident.  Williams credibility was also critical given the competing 
 testimony of Aiken.  
 Finally, we reject the States contention 
 that the admission of Williamss prior convictions constituted harmless error.  
 First, the judges limiting instruction was not sufficient to cure the error.  
 See Green, 338 S.C. at 434, 527 S.E.2d at 101 (The jury, despite 
 limiting instructions, can hardly avoid drawing the inference that the past 
 conviction suggests some probability that defendant committed the similar offense 
 for which he is currently charged.(quoting United States v. Beahm, 664 
 F.2d 414, 418-19 (4th Cir. 1981))).  Secondly, there was not overwhelming evidence 
 of Williamss guilt given the conflicting testimony of Aiken, Williams, and 
 Moss.  See State v. Berry, 332 S.C. 214, 221-22, 503 S.E.2d 770, 
 774 (Ct. App. 1998) (finding improper admission of prior bad act evidence was 
 not harmless error where evidence of guilt was not overwhelming and credibility 
 was crucial to the defense case); see also State v. Reeves, 301 
 S.C. 191, 194, 391 S.E.2d 241, 243 (1990) (Error which substantially damages 
 the defendants credibility cannot be held harmless where such credibility is 
 essential to his defense.).   
Accordingly, we reverse Williamss convictions 
 and remand for a new trial.
 REVERSED AND REMANDED.
HEARN, C.J., CONNOR and ANDERSON, 
 JJ., concur.