THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Latorey J. Green, Appellant.
 
 
 

Appeal From Sumter County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2004-UP-581
Submitted October 1, 2004  Filed November 
 17, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of Appellate Defense, of 
 Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. 
 McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney 
 General Harold M. Coombs, Jr., all of Columbia; and Solicitor Cecil Kelley Jackson, 
 of Sumter, for Respondent.
 
 
 

PER CURIAM: Latorey J. Greene was convicted of first-degree criminal 
 sexual conduct, first-degree burglary, and assault and battery of a high and 
 aggravated nature.  He appeals, arguing the trial court abused its discretion 
 by allowing the solicitor to impeach him with his juvenile adjudication for 
 criminal sexual conduct with a minor.  We affirm.
FACTS
On July 11, 1998, Greene and the victim were partying at a mutual friends 
 home.  The victim admitted she was drinking alcohol and using crack cocaine 
 off and on all day.  Late that evening, the victim testified that Greene offered 
 her a ride home, which she accepted.  She explained that she trusted Greene 
 to bring her home because she had dated his uncle in the past and thought of 
 Greene as a nephew.  When Greene brought the victim home, a cousin of Greenes, 
 Christopher Billie, came along.  
The victim testified that both Greene and Billie walked her inside.  She claimed 
 that Greene made unwanted sexual advances toward her, which she fought off.  
 Billie heard the commotion, talked to Greene, and the two men left the victims 
 home.  After they left, the victim locked her front door and the door to her 
 bedroom, and she went to bed.  She fell asleep on her stomach and later woke 
 up when she realized that a man was on her back, raping her.  After ejaculating 
 inside her, the man left, and though the victim never saw his face, she recognized 
 that he was wearing the same tennis shoes that Greene had been wearing earlier 
 that night.
The victim waited for about five minutes before she dressed and ran to a nearby 
 pay phone.  She called 911, reported the rape, and was transported by ambulance 
 to the hospital.  At the hospital, a sample of semen was taken from her underwear.   
 The DNA of the semen matched the DNA of a blood sample Greene gave to investigators.  
   
After the State rested its case against Greene, defense counsel explained that 
 Greene was planning to testify on his own behalf and made a motion to prevent 
 the solicitor from revealing to the jury Greenes juvenile adjudication for 
 criminal sexual conduct with a minor.  The trial court determined that because 
 the past conviction was within the past ten years and the convictions probative 
 value outweighed its prejudicial effect, the conviction could be used to impeach 
 Greenes credibility.  
Greene claimed that he and the victim had known each other for years and that 
 they had had sex in the past.   He described the victim as a long-time crack 
 addict who would have sex in exchange for drugs or money.  On the night he is 
 accused of raping the victim, Greene testified that the victim asked him for 
 a ride home and told him she would have sex with him if he paid her $20.  Greene 
 claims he gave the victim $20, and the two had consensual sex.  
After deliberating for over twelve hours, the jury found Greene guilty of all 
 charges.  Greene was sentenced to concurrent terms of confinement totaling thirty-five 
 years.  This appeal followed.
STANDARD OF REVIEW
The decision to admit prior convictions to impeach a defendants credibility 
 is a matter left to the sound discretion of the trial court, and absent an abuse 
 of discretion, the appellate courts will not reverse that decision.     Green 
 v. State, 338 S.C. 428, 433, 527 S.E.2d 98, 101 (2000).  To amount to an 
 abuse of discretion, the trial courts conclusions must either lack evidentiary 
 support or be controlled by an error of law.  State v. Wilson, 345 S.C. 
 1, 5-6, 545 S.E.2d 827, 829 (2001).  
Rule 609(d), SCRE, provides that juvenile adjudications can be used to impeach 
 the accused when the crime adjudicated would be admissible to attack the credibility 
 of an adult.  Pursuant to subsections (a)(1) and (b) of Rule 609, a crime is 
 admissible to attack the credibility of an adult when: (1) the crime was punishable 
 by death or imprisonment in excess of one year, (2) the probative value of the 
 prior crime outweighs its prejudicial effect, and (3) the prior conviction is 
 less than ten years old. [1]   
 When weighing the probative value of the defendants prior convictions, the 
 trial court should consider the impeachment value of the prior crime, the amount 
 of time between the conviction and the defendants subsequent history, the similarity 
 between the past conviction and the present charge, the importance of the defendants 
 testimony, and the centrality of the credibility issue.  Green, 338 S.C. 
 at 433, 527 S.E.2d at 101.
LAW/ANALYSIS
Greene argues the trial 
 court erred by allowing the solicitor to impeach him with his juvenile adjudication 
 for criminal sexual conduct with a minor.  This issue is not preserved for review. 

At the close of the States case, defense counsel explained 
 that Greene planned to take the stand in his own defense and made a motion requesting 
 that the solicitor not be allowed to impeach Greene on his juvenile adjudication 
 for criminal sexual conduct.  Specifically, Greenes counsel stated: I would 
 make a motion at this time in limine that they not be allowed to go into [Greenes] 
 juvenile record.  The trial court denied the motion, and the following colloquy 
 then took place:

DEFENSE COUNSEL: Unless you can tell me that I can preserve this and still ask 
 [Greene] about the juvenile record on direct I will simply ask him about his 
 adult record and Im sure [the solicitor] will bring out the juvenile . . . 
 unless you allow me to preserve it and still ask the question.
TRIAL COURT: I dont know if I can or not.  I dont know that I have that authority.  
 I think youll have to just do it whatever way you want to do it and I . . . 
 you know, I cant say that your objection when you bring it out . . . thats 
 going to be the ruling when the question is asked.  And you can handle it 
 anyway that you want to.

(Emphasis added.) 
The defense then proceeded with its case, first calling Greenes cousin, Christopher 
 Billie, to the stand.  After Billies testimony, Greene testified on his own 
 behalf.  During cross-examination, the solicitor asked Greene if he was convicted 
 for criminal sexual conduct in 1993.  Defense counsel did not object to the 
 question, and Greene admitted to having this prior conviction.  
Despite defense counsels own characterization of his motion to exclude Greenes 
 juvenile record, it was not a motion in limine because it was made after 
 the trial had begun.  State v. Mueller, 319 S.C. 266, 269 n.1, 460 S.E.2d 
 409, 410 n.1 (Ct. App. 1995) (A motion in limine is a pretrial procedure[.]). 
 However, like an in limine motion, the purpose of defense counsels motion 
 was to receive a preliminary ruling that would prevent the disclosure of a prejudicial 
 matter to the jury.  See, e.g., State v. Floyd, 295 S.C. 
 518, 369 S.E.2d 842 (1988) (explaining that the purpose of a motion in limine 
 is to prevent the disclosure of a potentially prejudicial matter to the jury). 
 Because the ruling was preliminary, it was subject to change based on developments 
 at trial.  Had no evidence been presented between the time of the trial courts 
 ruling and the presentation of the objectionable evidence, then no contemporaneous 
 objection would be needed to preserve the issue for appeal.  State v. Forrester, 
 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) (finding no contemporaneous objection 
 was necessary because the trial court had denied the motion in limine 
 immediately before the witness testified). However, because the trial court 
 heard the direct and cross examination of the defendants cousin and the direct 
 testimony of Greene before the objectionable testimony was elicited by the solicitor, 
 defense counsel needed to make a contemporaneous objection to allow the trial 
 court to make a final ruling on the issue.  State v. Simpson, 325 S.C. 
 37, 42, 479 S.E.2d 57, 60 (1996).  Because no objection was made when the solicitor 
 questioned Greene about his juvenile adjudication, the issue of whether the 
 trial court erred in allowing Greenes record to be admitted is not preserved 
 for our review.  Accordingly, Greenes convictions are
AFFIRMED.
HEARN, C.J., HUFF and KITTREDGE, JJ., concur.

 
 
 [1] A conviction that is greater than ten years old may be admitted if 
 the defendants release from prison was within the last ten years or when 
 the court finds in the interests of justice, that the probative value of 
 the conviction supported by specific facts and circumstances substantially 
 outweighs its prejudicial effect.  Rule 609(b), SCRE.