**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

J'Corey Hull-Kilgore, Appellant.

Appellate Case No. 2010-162289

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2012-UP-531
Submitted August 1, 2012 – Filed September 19, 2012

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek, of
Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney
General John W. McIntosh, Senior Assistant Deputy
Attorney General Donald J. Zelenka, and Assistant
Attorney General Brendan J. McDonald, all of Columbia;
and Solicitor Barry J. Barnette, of Spartanburg, for
Respondent.

**PER CURIAM:** Affirmed[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in declining to instruct the jury on the lesser included offense of voluntary manslaughter: *State v. Norris*, 253 S.C. 31, 35, 168 S.E.2d 564, 565 (1969) ("[O]n a trial for murder growing out of the use of a deadly weapon, it is unnecessary to charge the law relating to manslaughter where the testimony fails to suggest any theory upon which a verdict of manslaughter could rest.").

2.      As to whether the trial court erred in allowing the solicitor to impeach Hull-Kilgore with prior convictions: *Green v. State*, 338 S.C. 428, 433, 527 S.E.2d 98, 101 (2000) ("We decline to hold similar prior convictions inadmissible in all cases. Trial courts must weigh the probative value of the prior convictions against their prejudicial effect to the accused and determine, in their discretion, whether to admit the evidence."); *State v. Rollins*, 348 S.C. 649, 651-53, 560 S.E.2d 450, 451-52 (Ct. App. 2002) (allowing introduction of prior convictions for impeachment purposes on nearly identical grounds).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.