736 S.E.2d 679

The STATE, Respondent,

v.

Larry Bradley BRAYBOY, Appellant.

Appellate Case No. 2009–138127.

No. 5060.

Court of Appeals of South Carolina.

Heard Sept. 10, 2012.
Decided Dec. 12, 2012.
Rehearing Denied Jan. 25, 2013.

208

Appellate Defender Kathrine H. Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney

General Christina J. Catoe, all of Columbia, and Solicitor Edgar Lewis Clements, III, of Florence, for Respondent.

SHORT, J.

Larry Bradley Brayboy appeals his convictions of armed robbery, kidnapping, and assault and battery of a high and aggravated nature (ABHAN), arguing the trial court erred in limiting his ability to impeach a witness with evidence of a prior conviction. We affirm.

## I. FACTS/PROCEDURAL BACKGROUND

Late in the evening of December 6, 2008, intruders entered the Pizza Hut in Lake City, South Carolina. The men wore stocking caps and dark clothing. One man held a pistol, and another man had a shotgun. The man with the shotgun hit an employee in the head with the gun and ordered him to open the cash register. The man with the pistol hit another employee on the head with the gun. The employees were told to take off their clothes and surrender their wallets, cell phones, and keys. After the intruders could not open the cash register and realized the police were en route, they fled.

Investigator Jerry Gainey of the Lake City police department testified he was at the gas station across the street during the robbery. Two employees, who had been outside smoking when the robbery began, ran to him and told him what was happening. Gainey radioed for backup and circled to the back of the Pizza Hut. Gainey and his fellow officers caught Quennell Brown and Robin Turner, two of the perpetrators. Gainey collected evidence at the scene including a shotgun that was "like a sawed-off . . . shotgun."

Brown and Turner admitted their involvement in the crime, indicated Brayboy was the third participant, and agreed to plead to lesser charges and testify against him. Subsequently, a Florence County grand jury indicted Brayboy for armed robbery, kidnapping, and ABHAN.

Prior to Turner's testimony, the trial court heard arguments concerning the admissibility of Turner's prior convictions, especially his prior conviction for possession of a sawed-off shotgun. Brayboy argued the conviction was more probative than prejudicial, and Turner was merely a witness, not a co-

defendant. The State argued the conviction was highly preju-
dicial. Specifically, the State maintained its admission would
tend to inappropriately imply Turner's conformity in this case
with his prior conviction rather than impeach him. The State
agreed to the admission of the conviction itself to be used for
impeachment, but it requested the conviction be referred to as
a "weapons" conviction.

The trial court opined:

The issue that was the more interesting issue and the more
questionable issue that I have is ... that of the conviction
for the possession of a sawed-off shotgun. And the reason
obviously that [it] is an issue that is of higher concern is
because ... that is a very issue in this case. I have
absolutely no question that if it [was] a conviction that Mr.
Brayboy had and he was facing this dilemma, it wouldn't be
a dilemma. I would not allow you to ask regarding the
sawed-off shotgun.

So, whether that protection extends to a witness ... is
questionable.... I'm trying to think to ... [its] logical
conclusion and ... why do we not want the jury to hear that
type of impeaching ... evidence[?] And the reason is ...
because we expect and we want the jury to base [its]
decision solely on the facts that are presented during the
course of this trial ... and not on some issue that occurred
in a previous conviction.

The purpose of impeachment is simply to determine wheth-
er or not someone is believable or not, and it should have
nothing to do with ["]they did it once, they must [have] done
it again.["]

. . . .

And ... I feel that allowing Mr. Turner to be questioned
that he has a prior conviction for possession of a sawed-off
shotgun, with that being a direct issue involved in this case,
is highly prejudicial to a jury in determining ... someone's
credibility.

The court permitted further discussion, and the State argued
that *State v. Elmore*, 368 S.C. 230, 628 S.E.2d 271 (Ct.App.
2006), although not on point because it involved the admissibil-
ity of a prior conviction against a defendant, was instructive.
In *Elmore*, this court discussed the heightened prejudicial

effect of the admission of a similar prior crime against the defendant. *Id.* at 238–39, 628 S.E.2d at 275. This court noted:

> One permissible approach, advocated by the United States Fourth Circuit Court of Appeals, is to allow the prosecutor to ask the witness about the existence of a prior similar conviction under Rule 609(a)(1)[, SCRE] without disclosing to the jury the nature of the prior offense. *See United States v. Boyce*, 611 F.2d 530, 531 n. 1 (4th Cir.1979). The *Boyce* approach was approvingly referenced by our supreme court in *Green v. State*, 338 S.C. 428, 433 n. 5, 527 S.E.2d 98, 101 n. 5 (2000). The *Boyce* approach still requires a meaningful balancing of the probative value and prejudicial effect before admission of the prior conviction, although the prejudice occasioned by the similarity of the prior crime to the crime charged is removed.

*Id.* at 239 n. 5, 628 S.E.2d at 276 n. 5.

The State argued the prejudicial nature of a similar prior crime "goes not so much for impeachment, but more so to . . . show action and conformity therein." Brayboy argued "Rule 609 makes a distinction between witnesses and the accused. . . . The defendant, when he takes the stand, is a different kind of witness. . . . [T]he higher duty to a defendant, which we also see . . . in Rule 404(b)[, SCRE,] and *Lyle* situations[,] as well about a prior bad act, is different with a witness. . . . [T]he duty is higher when it may implicate the due process rights of a defendant." Brayboy requested that if the trial court "determine[d] that the word sawed-off shotgun should not be used, . . . that the [c]ourt consider using the word firearm rather than just weapon."

After further discussion, the court stated the reference to a sawed-off shotgun would "take[ ] a jury away from simply [evaluating] the credibility of the witnesses" and ruled the prior conviction could be admitted only as the unlawful possession of a firearm conviction. Turner and Brown testified, implicated Brayboy, and the jury found him guilty as charged. The trial court sentenced Brayboy to concurrent eighteen-year terms of imprisonment for the armed robbery and kidnapping charges and a concurrent ten-year term for the ABHAN charge. This appeal followed.

## II. LAW/ANALYSIS

Brayboy argues the balancing test between probative value and prejudicial effect found in Rule 609(a), SCRE, only applies when the State seeks to impeach the *accused* with a prior conviction. Because Turner was not the defendant in this case, Brayboy argues he should have been permitted to specifically question Turner about the shotgun conviction. Brayboy maintains the trial court erroneously relied on cases that apply only to impeach a defendant. Finally, Brayboy submits he was prejudiced because the only evidence linking him to the crime was the testimony of Turner and Brown. We find no reversible error.

"The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Anderson,* 386 S.C. 120, 126, 687 S.E.2d 35, 38 (2009) (quoting *State v. Pagan,* 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006)). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.*

> [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, [SCRE,] if the crime was punishable by death or imprisonment in excess of one year . . . and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. . . .

Rule 609(a)(1), SCRE. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Rule 403, SCRE.

The analysis for the admissibility of impeachment evidence differs depending on whether its admission is sought against a witness or a criminal defendant. Warren Moise describes the difference as follows:

> Rule 609(a)(1) addresses a conviction with a potential sentence of greater than one year. In civil trials, and in criminal trials for all witnesses other than the accused, a conviction "shall" be admitted under 609(a)(1) subject to the balancing test under Rule 403. The language of proposed Rule 609 initially did not favor admissibility, providing that a prior criminal conviction "is admissible *but only if* . . .

punishable by death or imprisonment in excess of one year ... or involved dishonesty or false statement regardless of the punishment." The imperative "shall" ["must" in Fed. R.Evid. 409(a)(1) ] was added later after extensive debate and reflected a decision by Congress to emphasize admissibility. Because admissibility of criminal convictions under the common law was discretionary with the trial judge, Rule 609(a)(1) represents a subtle but clear change for both the federal and South Carolina courts. Now admissibility is mandatory ... in the first instance. Discretion may be applied to *exclude* the criminal conviction "subject to Rule 403", and then, in accord with the rules' liberal thrust toward admissibility, only if the probative value of the conviction is *substantially* outweighed by countervailing factors. Thus, criminal convictions of a party or witness, other than the accused in a criminal trial rarely should be excluded under Rule 403.

**Special rules for the criminal defendant**

When the *accused* is sought to be impeached under Rule 609(a)(1), Rule 403 is not used. Instead, the rule is construed ... pursuant to *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000) and *Green v. State*, 338 S.C. 428, 527 S.E.2d 98 (2000). Under ... *Colf* and *Green*, the court neither *per-se* excludes nor always allows a criminal defendant's prior convictions into evidence; instead, a factor-based approach is used in determining whether the prosecution has met its burden in establishing that the probative value of the accused's prior conviction outweighs any prejudice, a test set forth in Rule 609(a)(1) itself. Although the burden is on the prosecution to meet the test in Rule 609(a)(1), it is not required to prove that the conviction's prejudicial effect *substantially* outweighs its probative value. If the prosecutor's burden has been met, the conviction shall be admitted.

Warren Moise, *Criminal Convictions*, 14 S.C. Law., March 2003, at 11, 11–12 (internal citation omitted).

■■■■ Because Turner was a witness rather than the accused, the trial court was required to conduct a Rule 403 balancing test. Rule 403's balancing test is applied when the conviction is offered to impeach a witness who is not the defendant. Rule 609(a)(1), SCRE. To exclude the conviction,

the court was required to find the probative value was *substantially* outweighed by the danger of unfair prejudice, not merely outweighed by the danger of prejudice. Rule 403, SCRE. Although the trial court relied on *Elmore* and *Boyce,* and it did not specifically cite the Rule 403 balancing test, the trial court considered these issues in its analysis: (1) "because we ... want the jury to base their decision solely on the facts that are presented during the course of this trial ... and not on some issue that occurred in a previous conviction"; (2) "[t]he purpose of impeachment is simply to determine whether or not someone is believable or not, and it should have nothing to do with["] they did it once, they must [have] done it again.["]; and (3) "allowing Mr. Turner to be questioned that he has a prior conviction for possession of a sawed-off shotgun, with that being a direct issue involved in this case, is highly prejudicial to a jury in determining ... someone's credibility." We find the court indicated its consideration of whether the probative value of the conviction was substantially outweighed by the danger of unfair prejudice. Accordingly, we find no reversible error. *See State v. King,* 349 S.C. 142, 157, 561 S.E.2d 640, 647 (Ct.App.2002) (finding no error in the admission of the defendant's prior bad acts despite the trial court's failure to perform the required Rule 403 balancing test on the record when the court's comments on the record indicated it was cognizant of the evidentiary rule); *Hunter v. Staples,* 335 S.C. 93, 102, 515 S.E.2d 261, 266 (Ct.App.1999) (affirming the trial judge's exclusion of a prior conviction based on its finding that the conviction was not relevant and its prejudicial effect outweighed its probative value despite the trial court's failure to "specifically enunciate the factors involved in reaching his ultimate decision" because it was "evident the judge considered Rule 609(a)(1) in conjunction with the Rule 403 balancing analysis").

In addition, we find if the trial court erred, it was harmless beyond a reasonable doubt. "Whether an error is harmless depends on the circumstances of the particular case." *State v. Thompson,* 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct.App.2003). Error is deemed harmless if it could not reasonably have affected the result of the trial. *Id.* "Where a review of the entire record establishes the error is harmless

beyond a reasonable doubt, the conviction should not be reversed." *Id.*

Turner was impeached with multiple convictions: (1) unlawful possession of a "firearm"; (2) common law robbery; (3) possession of a stolen vehicle; and (4) receiving stolen goods. He was also questioned about his pending charges and plea agreement with the State, the terms of which would result in a ten-year federal sentence and the dismissal of all state charges. Furthermore, the other co-defendant, Brown, also testified Brayboy was the third perpetrator and maintained he was with Brayboy when Brayboy purchased the shotgun. Based on a review of the record as a whole, we find any error was harmless.

## CONCLUSION

For the foregoing reasons, Brayboy's convictions are

**AFFIRMED.**

KONDUROS, J., concurs.

LOCKEMY, J., concurring in result only.

LOCKEMY, J., concurring.

I concur in result only. I would hold that limiting Brayboy's ability to question Turner, one of only two witnesses testifying against him, about Turner's sawed-off shotgun conviction was a violation of Rule 609(a)(1), SCRE, and was error. Furthermore, I do not agree with the majority's determination that the trial court conducted a Rule 403, SCRE, balancing test. In my view, after a proper Rule 403, SCRE, analysis, Brayboy should have been permitted to introduce Turner's shotgun conviction into evidence. Additionally, I am concerned Brayboy's inability to cross-examine Turner regarding his conviction for possession of a sawed-off shotgun is a violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. However, I agree with the majority that any error by the trial court was harmless because Turner was impeached with multiple convictions, and Brown testified Brayboy was the third perpetrator. For these reasons, I respectfully concur in result only.