**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Stephon Robinson, Appellant.

Appellate Case No. 2014-002531

———————

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-065
Submitted December 1, 2016 – Filed February 1, 2017

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General John Benjamin Aplin,
both of Columbia; and Solicitor James Strom Thurmond,
Jr., of Aiken, for Respondent.

———————

**PER CURIAM:**  Stephon Robinson appeals his convictions of first-degree
burglary and possession of a weapon during the commission of a violent crime.

Robinson argues the circuit court misapplied the *Colf*[1] factors when weighing the probative value against the prejudicial effect of admitting his prior convictions for second-degree burglary, strong-arm robbery, and breaking and entering a motor vehicle with intent to commit a felony or theft.  We affirm.

We find the admission of Robinson's 2009 second-degree burglary conviction is the law of the case because Robinson did not object to its admission in his initial appeal.  *See Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."); *Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 572, 776 S.E.2d 397, 403 (Ct. App. 2015) ("[A] decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." (quoting *In re Grossinger's Assocs.*, 184 B.R. 429, 434 (Bankr. S.D.N.Y. 1995))); *see, e.g.*, *State v. Black*, 400 S.C. 10, 28, 732 S.E.2d 880, 890 (2012) (finding the circuit court's ruling permitting admission of a defense witness's prior conviction was the law of the case when the defendant did not challenge the use of the conviction to impeach the witness's testimony).

As to the admission of Robinson's remaining prior convictions, we find the circuit court erred in applying two of the five *Colf* factors—the impeachment value of the prior convictions and the centrality of the credibility issue.  *See Colf*, 337 S.C. at 626–27, 525 S.E.2d at 248 (approving the following five factors for courts to use when weighing the probative value and prejudice under Rule 609(b), SCRE: "1. The impeachment value of the prior crime[;] 2. The point in time of the conviction and the witness's subsequent history[;] 3. The similarity between the past crime and the charged crime[;] 4. The importance of the defendant's testimony[; and] 5. The centrality of the credibility issue"); *State v. Howard*, 396 S.C. 173, 178, 720 S.E.2d 511, 514 (Ct. App 2011) (employing the five-factor analysis to weigh the probative value and prejudice under Rule 609(a)(1), SCRE).

The circuit court erred in finding Robinson's prior convictions had impeachment value because our courts have found prior convictions for robbery, burglary, and theft are not probative of truthfulness.  *See Black*, 400 S.C. at 21–22, 732 S.E.2d at 887 ("The tendency to impact credibility, in turn, determines the impeachment value of the prior conviction.  Impeachment value refers to how strongly the nature of the conviction bears on the veracity, or credibility, of the witness."); *State v.*

---

[1] *State v. Colf*, 337 S.C. 622, 525 S.E.2d 246 (2000).

*Bryant*, 369 S.C. 511, 517, 633 S.E.2d 152, 155 (2006) ("[A] conviction for robbery, burglary, theft, [or] drug possession . . . is not probative of truthfulness.").

Despite correctly recognizing that credibility was central to the case, the circuit court erred in finding this factor weighed in favor of admitting Robinson's prior convictions because our courts are hesitant to admit evidence of prior convictions when credibility is central to the case. *See Green v. State*, 338 S.C. 428, 433–34, 527 S.E.2d 98, 101 (2000) (listing the *Colf* factors, noting the importance of credibility because the jury had to choose between the defendant's version of events and that of the law enforcement agents, and finding the defendant was prejudiced by his counsel's failure to argue the prejudicial effect of the defendant's two prior convictions outweighed their probative value).

However, we find the circuit court's error was harmless in view of the other competent evidence of Robinson's guilt. *See State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) ("When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, the [c]ourt should not set aside a conviction because of insubstantial errors not affecting the result."). Williams, the victim, consistently identified Robinson as the perpetrator. Williams testified he knew Robinson because Robinson had been to his house on multiple occasions. *See State v. Liverman*, 398 S.C. 130, 141, 727 S.E.2d 422, 427 (2012) (recognizing a witness's prior knowledge of the accused as a significant factor in determining the reliability of that witness's identification of the accused). Williams also identified Robinson by name when the investigating officer asked Williams who broke into his house, identified Robinson in two different photo lineups; and identified Robinson in court. Furthermore, the investigating officer testified Williams told him Robinson came to Williams' house in a white Pontiac. The investigating officer was able to identify Robinson's girlfriend as the owner of the car. Robinson's girlfriend testified at trial that Robinson had her car the night before the incident and returned the car sometime during the afternoon of the incident, meaning Robinson likely had access to the car during the incident. With this evidence in mind, any error in the admission of Robinson's prior convictions was harmless.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.