THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Jerry Davis, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2006-UP-274
Heard May 9, 2006  Filed June 8, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jerry Davis appeals his conviction for forgery.  He contends the circuit court erred in permitting the State to impeach him with remote prior convictions that were similar to the charge for which he was being tried.  We affirm.
FACTS
Davis owned and operated a construction business in Spartanburg.    Around November 10, 1995, he reported the theft of a forklift to his insurance company.  The insurance company investigated the claim and found the theft had been reported to the police.  In turn, the insurance company paid the claim and sent Davis a check in the amount of $35,000 made out to Jerry Davis and the National Bank of South Carolina (NBSC).    Davis attempted to have the check endorsed at Nationsbank in Columbia, but Nationsbank refused because it was not the payee of the check.  Davis testified he then sent the check to NBSC with a letter in which he asked for an endorsement.  Davis claimed the letter was returned with an endorsement.    Subsequently, he instructed his secretary, Teresa Smith, to open an account and deposit the check at Carolina First in Taylors, South Carolina. 
On May 6, 1996, during the course of the investigation of the theft, the police suspected that Davis was driving a truck with a forklift on the back of it on Interstate 26 from Columbia towards Spartanburg.  Bobby Shealy, employed with the State Law Enforcement Division, parked in the median of the interstate to watch for Davis.  Shealy observed a truck with a forklift on it that matched the description of Daviss stolen forklift.  Shealy followed the truck and radioed for backup.  Once backup arrived, Shealy stopped the truck.  The driver of the truck informed Shealy he had rented the forklift from Davis and paid him $2,000 by check.  Later, the police found in Daviss possession the check with rental written on the subject line.
A Spartanburg County grand jury indicted Davis for making a false statement to an insurer, presenting a false claim for payment of loss, and forgery.  At trial, the State elected to proceed with the charges of forgery and presenting a false claim for payment of loss. 
During trial, Smith testified that when Davis initially showed her the check, it did not contain any endorsements.  When Smith saw the check again, one or two days later, it contained the signatures of both Davis and Kaye Gaddis, an employee of NBSC.  Smith testified Davis instructed her to purchase a for deposit only stamp and stamp it over [Gaddiss] name so that the lady . . . at Carolina First bank couldnt see whose name was signed.    Smith followed Daviss instructions and deposited the check at Carolina First.
Additionally, Gaddis testified Davis presented the check to her for endorsement.  Gaddis checked the banks records, but found NBSC had never conducted business with Davis.  According to Gaddis, Davis tried to persuade her to endorse the check by explaining the check was made out to the wrong bank.  Gaddis refused to endorse the check and testified the signature on the check (Kaye Gaddis) was not hers.
As the trial proceeded, the State informed the court that it intended to introduce Daviss prior convictions which were beyond the ten-year limitation outlined in Rule 609, SCRE.  Davis objected to the introduction of any convictions prior to 1977.  The trial court ruled the probative value of the convictions outweighed any prejudicial effect.  The court then permitted the State to inquire about the following convictions:  1976, 1977, and 1985 convictions for grand larceny; 1974, 1975, and 1976 convictions for receiving stolen goods; a 1984 federal conviction for receiving, stealing and selling motor vehicles; and a 1988 conviction for interstate transfer of a stolen vehicle.  The court, however, refused to permit the solicitor from inquiring about a 1987 conviction for escape, a 1985 conviction for failure to stop, a 1975 conviction for possession of firearms, and convictions for assault.
Ultimately, the jury found Davis guilty of forgery but deadlocked on the charge of presenting a false claim.  
Davis appealed his conviction for forgery, arguing the trial court erred in admitting into evidence his prior convictions that were more than ten years old.  State v. Davis, Op. No. 2000-UP-748 (S.C. Ct. App. filed Dec. 6, 2000).  On appeal, this court concluded the trial court did not articulate the specific facts and circumstances necessary to overcome the presumption against admissibility provided by Rule 609(b), SCRE.  Additionally, we were unable to determine if the trial court properly placed the burden of establishing the admissibility of the convictions on the State.  As a result, we remanded the case for the trial court to conduct a hearing on the admissibility of the prior convictions with instructions to apply the proper burden of establishing admissibility.  We also instructed the court to carefully weigh the probative value for impeachment with the prior convictions against the prejudice to Davis.  
On remand, the trial court found the probative value of the remote convictions outweighed their prejudicial value.  In reaching this conclusion, the court reasoned:  (1) the State met its burden of proof to allow the introduction of the remote convictions and met the factors set forth by
State v. Colf, 337 S.C. 622, 627, 525 S.E.2d 246, 248 (2000); (2) the impeachment value of the past convictions was high; (3) Daviss criminal record was significant in the interest of justice because of Daviss virtually unbroken string of convictions from 1971; (4) the convictions admitted were similar to the forgery charge; (5) Daviss testimony was highly important given he was one of two defense witnesses to testify; and (6) Daviss credibility was a central issue given his testimony was in direct contradiction to that of the States witnesses.  The court also determined that due to the overwhelming evidence in the record, the admission of the prior convictions had little to no prejudicial effect on the outcome of the case.  Based on the foregoing analysis, the court affirmed Daviss conviction.  This appeal followed.
STANDARD OF REVIEW
The admission of prior convictions to impeach the credibility of a defendant is a matter within the sound discretion of the trial judge, and thus, his decision will not be reversed on appeal absent an abuse of discretion. Green v. State, 338 S.C. 428, 433, 527 S.E.2d 98, 101 (2000); see 
State v. Mansfield, 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct. App. 2000)(The admissibility of evidence is within the sound discretion of the trial judge.  Accordingly, evidentiary rulings of the trial court will not be reversed on appeal absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant.)(citation omitted).  An abuse of discretion occurs when the trial judges ruling is based on an error of law or a factual conclusion that is without evidentiary support.  State v. McDonald, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000); State v. Walker, 366 S.C. 643, 654, 623 S.E.2d 122, 127 (Ct. App. 2005).  The scope of cross-examination is within the discretion of the trial judge, whose decision will not be reversed on appeal absent a showing of prejudice.  State v. Sherard, 303 S.C. 172, 174, 399 S.E.2d 595, 596 (1991).
DISCUSSION
I.
Davis argues the remand court erred in finding the similarity of the prior convictions to the current charge weighed in favor of their admissibility pursuant to Rule 609(b), SCRE.  We agree.
Rule 609, SCRE, governs the admissibility of convictions [f]or the purpose of attacking the credibility of a witness.  Rule 609(a), SCRE.  [E]vidence that an accused has been convicted of [a crime that was punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. Rule 609(a)(1), SCRE.  The admission of a prior conviction pursuant to Rule 609(a)(1) may, however, be limited depending upon the remoteness of the conviction.  Specifically, Rule 609(b) provides in pertinent part: 

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 609(b), SCRE.  The party attempting to introduce the prior conviction for impeachment purposes has the initial burden of establishing the basis for its admission.  State v. Scriven, 339 S.C. 333, 340, 529 S.E.2d 71, 74 (Ct. App. 2000).
In analyzing this rule, we have stated that if remote prior convictions are either similar or identical to the charged offenses . . . the likelihood of a high degree of prejudice to the accused is inescapable.  Id. at 343, 529 S.E.2d at 76.  This inherent prejudice occurs because evidence of similar offenses unavoidably suggests to the jury the defendants propensity to commit the crime charged.  State v. Colf, 337 S.C. 622, 628, 525 S.E.2d 246, 249 (2000) (Colf II).  Therefore, [s]ince evidence of any similar offense should be admitted only rarely, a similar conviction already presumptively barred from admission by Rule 609(b) should be admitted even more rarely.  Id.  (quoting United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981)).  
Our supreme court, however, has espoused that similar prior convictions may be admissible in some situations.  See Green v. State, 338 S.C. 428, 433, 527 S.E.2d 98, 101 (2000) (analyzing Rule 609(a)(1), SCRE and noting that federal courts have held that prior convictions for the same or similar crimes are highly prejudicial and should be admitted sparingly, but declining to hold similar prior convictions inadmissible in all cases).   Although similar prior convictions should not be categorically excluded, a trial court should be cognizant that treating prior crimes as if their similarity heightens their probative value is improper given the similarity actually increases the prejudicial effect.  
Colf II, 337 S.C. at 628, 525 S.E.2d at 249.
Turning to the instant case, the remand court based its decision in part on its finding that the convictions that the trial judge did admit for use for impeachment purposes were similar to the charges in the current case. 
In view of this statement, we find the trial court incorrectly applied the factor regarding the similarity of the crimes and erroneously considered the past convictions more probative because they were similar.  See 
Green, 338 S.C. at 434, 527 S.E.2d at 101 (Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him.).  Based on this analysis, we hold the court erred as a matter of law and, thus, abused its discretion.  The similarity between the past convictions and the current charge actually made the convictions more prejudicial.  Daviss convictions for similar offenses were especially prejudicial given the jury may have concluded that the prior convictions implied Davis committed the offense with which he was charged.  Accordingly, the court erred in finding the similarity of the past convictions weighed in favor of admissibility.
II.
Davis also argues the remand court erred in finding the probative value of his remote convictions outweighed the prejudicial value.  We agree.
Under Rule 609(b), SCRE, the trial court must find that the probative value of the impeachment evidence substantially outweighs the prejudice to the accused.  Scriven, 339 S.C. at 341, 529 S.E.2d at 75.  Because Rule 609(b) raises a presumption against admissibility of remote prior convictions, a finding that the probative value outweighs the prejudice must be supported by specific facts and circumstances.  Id.  Therefore, when performing a 609(b) analysis, the trial court is required to carefully weigh the
competing interests involved and articulate for the record the specific facts and circumstances supporting its decision.  Id. 
In Colf II, our supreme court adopted a nonexclusive list of factors employed by federal courts when determining if the probative value of a prior conviction outweighs the prejudicial value.  Colf II, 337 S.C. at 627, 525 S.E.2d at 248.  These factors are as follows:

1. The impeachment value of the prior crime.
2. The point in time of the conviction and the witnesss subsequent history. 
3. The similarity between the past crime and the charged crime.
4. The importance of the defendants testimony. 
5. The centrality of the credibility issue. 

Id. (listing factors and stating that trial courts should exercise their discretion in light of the facts and circumstances of each particular case).
In the instant case, the convictions the trial court admitted were remote and similar to the charges for which Davis was being tried.  This combination made their admission even more unlikely.  See Colf II, 337 S.C. at 628, 525 S.E.2d at 249 (stating [s]ince evidence of any similar offense should be admitted only rarely, a similar conviction already presumptively barred from admission by Rule 609(b) should be admitted even more rarely (quoting United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981))).  Further, in determining probative value, the important factor to examine is whether the evidence proves a certain fact, not how important proof of that fact is to the proponents case.  State v. Colf,
332 S.C. 313, 319, 504 S.E.2d 360, 362 (Ct. App. 1998) (Colf I), affd as modified, 337 S.C. 622, 525 S.E.2d 246 (2000) (Colf II).  
The remand court found the States case against Davis was overwhelming due to the fact that Daviss testimony denying he forged the signature on the check was the only evidence that the endorsement was not forged.  Moreover, the State was able to impeach Daviss denial with his convictions after 1977.  Additionally, Gaddis testified she did not endorse the check and Smith testified how Davis instructed her to stamp over Gaddiss signature.  Therefore, the State presented sufficient evidence to undermine Daviss testimony without the remote convictions.  See Colf I,
332 S.C. at 320, 504 S.E.2d at 363 (finding when the State has a strong case, the extrinsic offense may add little and consequently will be excluded more readily (quoting United States v. Cathey, 591 F.2d 268, 276-77 (5th Cir. 1979))).  No special circumstances justified admission of the remote convictions.  
At oral argument, the State contended our decision in State v. Bryant, 356 S.C. 485, 589 S.E.2d 775 (Ct. App. 2003), cert. granted (Apr. 7, 2005), required us to affirm the decision of the remand court.  Because we find Bryant distinguishable from the instant case, we reject this contention.  In Bryant, the defendant was convicted of murder and unlawful possession of a firearm.  The defendant appealed, arguing the trial court erred by admitting evidence of his prior bad acts and convictions.  In terms of the prior convictions, Bryant asserted the convictions were inadmissible under Rule 609(a)(1), SCRE, because their prejudicial effect outweighed their probative value.  Id. at 489, 589 S.E.2d at 777.  We affirmed the trial courts decision based on the following grounds:  (1) the trial court correctly found testimony could lead to an inference that Bryant was unworthy of credibility because of his prior convictions; (2) the court conducted the appropriate Colf analysis and balanced the prejudicial versus probative value of the convictions pursuant to Rule 609(a)(1), SCRE; and (3) evidence existed in the record to support its ruling. Id. at 493, 589 S.E.2d at 779.  Unlike the court in Bryant, the remand court in the instant case incorrectly found the similarity of the prior convictions to the charged offense increased the probative value of the convictions.  Moreover, the prior convictions in the instant case were extremely remote whereas Bryants prior convictions were not given they were only two years old.     
Additionally, the State urged this court to find that any error in the admission of the remote prior convictions constituted harmless error.  In support of this argument, the State pointed out the admission of the pre-1977 convictions was cumulative to the unchallenged admission of the post-1977 convictions.  As will be discussed, we agree with the State and affirm the order of the remand court.[1]
In ruling on the admission of the prior convictions, the remand court not only analyzed their admission under Rule 609, SCRE, but also found the admission of the prior convictions had very little, if any, prejudicial effect on the outcome of this case.  The court reached this decision based on the overwhelming evidence in the record and the lack of credibility of one of the defense witnesses.  Although we find the remand court erred in its analysis regarding the admission of the prior convictions, we agree with the courts ultimate conclusion that their admission was harmless.  
An error is harmless if the defendants guilt has been conclusively proven by competent evidence, such that no other result could have been reached.  State v. Johnson, 363 S.C. 53, 60, 609 S.E.2d 520, 524 (2005).  The circumstances of each individual case are to be considered.  Id.  In addition, the error is harmless if the error could not have reasonably affected the outcome of the trial.  Id.
Here, the State presented testimony that investigating officers found in Daviss possession a check for the rental of the forklift that Davis had reported to his insurance company as stolen.  Additionally, Kaye Gaddis, an employee of NBSC, testified that she did not endorse the insurance check because the NBSC bank records revealed that the bank had never conducted business with Davis as he had claimed.  She also stated that the signature on the check was not hers.  Smith, Daviss secretary, testified that when she was initially shown the check it did not contain any endorsements.  When Davis presented her the check a second time, Smith noticed that it contained the signatures of Davis and Gaddis.  Smith testified that Davis instructed her to purchase a for deposit only stamp and stamp it over Gaddiss name.  In addition to this overwhelming evidence of guilt, we would also note that Davis did not challenge the admission of the post-1977 convictions.  Accordingly, we hold the remand court properly found the admission of the convictions did not constitute prejudicial error.  See Johnson, 363 S.C. at 60, 609 S.E.2d at 524 (holding admission of prior convictions constituted harmless error where defense counsel introduced defendants prior convictions on direct examination to lessen the impact they might have on defendants credibility, the record contained other testimony that damaged defendants credibility, and there was overwhelming evidence of defendants guilt); cf. Scriven, 339 S.C. at 344, 529 S.E.2d at 77 (finding admission of prior convictions was not harmless error where convictions were eight years old at the time of trial, the prior convictions and the charged offenses were similar, and the prior convictions presented a great likelihood of prejudice to the accused). 
CONCLUSION
Based on the foregoing, we hold the remand court improperly determined that because the prior convictions were similar to the charged offense they were more probative given the similarity actually made the prior convictions more prejudicial.  Additionally, we find the remand court incorrectly found the probative value of Daviss remote convictions of similar crimes outweighed their prejudicial value.  We find, however, the remand court properly concluded that the admission of the remote convictions was not prejudicial.  Because there was overwhelming evidence of Daviss guilt, we agree with the remand court that the admission of Daviss prior convictions constituted harmless error.  Accordingly, the order of the remand court is
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

[1] Because the remand court specifically ruled the admission of the pre-1977 convictions was not prejudicial to Davis, we affirm on this ground appearing in the record on appeal.  See State v. Arnold, 319 S.C. 256, 260 n.3, 460 S.E.2d 403, 405 n.3 (Ct. App. 1995) (holding Rule 220(c), SCACR, allows appellate court to affirm on any ground appearing in the record); see also IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 418, 526 S.E.2d 716, 722 (2000) (holding under Rules 208(b)(2) and 220(c), SCACR, a respondent, as a prevailing party in the trial court, may raise on appeal any additional reasons the appellate court should affirm the trial court regardless of whether the reasons were presented to or ruled on by the trial court, provided the respondents additional sustaining grounds appear in the record on appeal).